UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRITTNEE JONES,

    Plaintiff,

v.   Case No. 8:20-cv-1915-KKM-TGW

SKY GROUP USA, LLC,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Sky Group USA, LLC's Motion to Dismiss (Doc. 16) and Plaintiff Brittnee Jones's Response in Opposition to the Motion to Dismiss (Doc. 17). Because Plaintiff states a claim upon which relief may be granted, the Court **DENIES** Defendant's Motion to Dismiss (Doc. 16).

On August 18, 2020, Plaintiff filed a Complaint alleging that Defendant twice violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), by requesting Plaintiff's credit report from two Consumer Credit Reporting Agencies without a permissible purpose, (Doc. 1, at 1, 3–5). The FCRA prohibits a person from using or obtaining a consumer report for any purpose unless "(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title . . . ." 15 U.S.C. § 1681b(f). Plaintiff specifically alleged that Defendant obtained

her credit report without her consent and "for *marketing purposes*," which is not a permissible purpose authorized by the FCRA. (Doc. 1, at 5–8 (emphasis in original)). Plaintiff contends that she "never applied for any account *with Sky Group*," but even if she had, any application with Sky Group for a loan would have been *void ab initio* because Defendant engages in "usurious" loans under Florida law. (Doc. 1 at 7–9 (emphasis in original)).

Defendant filed a Motion to Dismiss in response, arguing that Plaintiff's allegations fail to state a claim under Rule 12(b)(6) because they "do not rise above the speculative level and are no more than conclusions devoid of any meaningful supporting facts." (Doc. 16, at 2.). Although difficult to discern, Defendant's most pointed critique is that Plaintiff "failed to allege supporting facts that [Defendant] had an intent to use information without a permissible purpose." (*Id.*). Plaintiff filed a Response in Opposition to the Motion to Dismiss, explaining that her complaint and its accompanying exhibits presented sufficient factual allegations to state a claim under Rule 12(b)(6).[1] (Doc. 17, at 3–8.).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[1] The Court must assure itself of subject matter jurisdiction regardless if the defendant challenges it. *See Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206–07 (11th Cir. 2019). Because Plaintiff alleged that Defendant's conduct caused her "actual damages to her credit scores and diminished her ability to obtain credit elsewhere," (Doc. 1, at 8), she has sufficiently alleged a concrete, particularized, and actual injury for purposes of Article III standing, *Pinson*, 942 F.3d at 1207.

2

(2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering the motion, the court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

Plaintiff's allegations are sufficient to allege violations of the FCRA. *See Jimenez v. Account Servs.*, 233 F. Supp. 3d 1359, 1365 (S.D. Fla. 2017) (explaining that to state a FCRA claim, a plaintiff must allege: "(i) that there was a consumer report, (ii) that defendants used or obtained it, (iii) that they did so without a permissible statutory purpose, and (iv) that they acted with the specified culpable mental state") (citation omitted). Plaintiff alleges that Defendant engages in consumer lending of high-interest bearing loans and twice obtained Plaintiff's credit report without her consent to assess whether she would be a good loan prospect for Defendant's marketing efforts. (Doc. 1, at 4, 7.) That conduct—which the Court must accept as true at this stage—is not a permissible purpose under the FCRA. *See* 15 U.S.C. § 1681b(a). Plaintiff alleges additional facts and attaches exhibits—including Defendant's online business description, which denotes Defendant as a "full service marketing and customer

3

acquisition firm"—and disclosures provided to Plaintiff from both Consumer Credit Reporting Agencies that reflect that Defendant requested her credit report. (Doc. 1, at Exhibits A–C.). Plaintiff also alleges that Defendant certified to a Consumer Credit Reporting Agency that Defendant had a permissible purpose to obtain Plaintiff's credit report because Plaintiff initiated the request for a credit report, even though Plaintiff denies she ever made such a request. (*Id.* at 5).

Defendant argues that Plaintiff's complaint lacks factual allegations about Defendant's "intent" in using the information. (Doc. 16, at 2.). That is inaccurate. To the extent that Defendant's argument can be construed as contending that Plaintiff failed to allege that Defendant willfully or negligently violated the FCRA—the culpable mental states required by the FCRA—Defendant's argument fails. *See* 15 U.S.C. § 1681n(a), (b) (imposing civil liability on any person who "willfully fails to comply with any requirement imposed under this subchapter" and "[a]ny person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose"); § 1681*o*(a) (imposing civil liability on any person "who is negligent in failing to comply with any requirement imposed under this subchapter"); *Levine v. World Fin. Network Nat. Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009) (explaining that the FCRA provides civil liability for willful and negligent violations). "To prove a willful violation, a consumer must prove that a consumer reporting agency either knowingly or recklessly violated the requirements of the Act." *Levine*, 554 F.3d at 1318. To prove a reckless violation, a consumer must establish that the company's action is

4

"a violation under a reasonable reading of the statute's terms" and shows "that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69 (2007); *see Levine*, 554 F.3d at 1318.

Here, Plaintiff meets that burden through her allegations that Defendant requested her credit report for "*marketing purposes*" or, "[e]ven assuming, *arguendo*, that [Plaintiff] had applied for a loan directly with [Defendant]," for illegal "usurious" purposes. (Doc. 1, at 7–9.). These purposes, which are accepted as true at this stage, do not fall within the permissible purposes listed in 15 U.S.C. § 1981b(a) and do not constitute an objectively reasonable interpretation of the purposes permitted by the statute. *See Heagerty v. Equifax Information Servs.*, 447 F. Supp. 3d 1328, 1343–46 (N.D. Ga. 2020) (explaining that "to prove a reckless violation" of the statute, "a plaintiff must show that the defendant's interpretation was objectively unreasonable" and an interpretation of the FCRA that is contrary to "the plain language of the statute" is unreasonable) (citation omitted). Indeed, Defendant fails to make any argument that it obtained Plaintiff's credit report for a permissible purpose or under a reasonable interpretation of the statute.

Accepting Plaintiff's allegations as true and viewing them in the light most favorable to her, the Court concludes that Plaintiff has adequately pleaded enough facts to proceed past the motion-to-dismiss stage. *See Daniel v. Concord Advice, LLC*, No. 8:19-cv-2978-WFJ-SPF, 2020 WL 2198204, at *5 (M.D. Fla. May 6, 2020). Accordingly,

5

Defendant's Motion to Dismiss (Doc. 16) is **DENIED**. By February 26, 2021, Defendant shall answer the Complaint.

**ORDERED** in Tampa, Florida, on February 16, 2021.

_____
Kathryn Kimball Mizelle
United States District Judge